UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TYRONE HULL, <br><br> Plaintiff, <br><br> v. <br><br> BARBARA EICHMAN and MICHELLE BOREN, <br><br> Defendants. | CAUSE NO. 3:20-CV-713-MGG |

OPINION AND ORDER

Tyrone Hull, a prisoner without a lawyer, is proceeding in this case "against Dr. Barbara Eichman in her individual capacity for compensatory and punitive damages for discontinuing his medication for the period of August 21, 2019, through October 10, 2019, in violation of the Eighth Amendment[,]" and "against Michelle Boren in her individual capacity for compensatory and punitive damages for providing constitutionally inadequate medical care between September 18, 2019, and October 10, 2019, in violation of the Eighth Amendment[.]" ECF 18 at 6. The defendants filed a joint motion for summary judgment. ECF 42. Hull filed a response, and the defendants filed a reply. ECF 55, 57. Hull then filed an amended response to cure technical deficiencies in his original response, and the court agreed to consider both of Hull's response briefs. ECF 58, 59. The defendants' summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To be held liable for deliberate indifference to an inmate's medical needs, a medical professional must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Furthermore, a prisoner is not entitled to demand specific care, nor is he entitled to the "best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Where the defendants have provided some level of care for a prisoner's medical condition, in order to establish deliberate indifference the prisoner must show that "the defendants' responses to [his condition] were so plainly inappropriate as to permit the inference that

2

the defendants intentionally or recklessly disregarded his needs." *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate treatment does not amount to an Eighth Amendment violation. *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003).

**I.    FACTS**

During all relevant times, Dr. Eichman was employed as a physician and Counselor Boren was employed as a mental health counselor at Westville Correctional Facility ("WCF"). ECF 42-2 at 1; ECF 42-3 at 1. Both Dr. Eichman and Counselor Boren saw Hull at WCF regarding his mental health conditions, which included a diagnosis for post-traumatic stress disorder. ECF 43-2 at 1-2; ECF 43-3. As of August 20, 2019, Hull was taking the psychotropic medications Effexor, Cogentin, Remeron, and Trilafon to treat his mental health conditions. ECF 43-4 at 115-17; ECF 43-5 at 16-19.

On August 20, 2019, a correctional officer conducted an inspection of Hull's cell and found a small container with 18 Effexor and 5 Cogentin pills. ECF 43-2 at 2; ECF 43-3 at 2; ECF 43-4 at 115. The correctional officer reported this information to medical staff, who concluded Hull was hoarding and misusing his medication by not taking it as directed. *Id.* At his deposition, Hull admitted he was hoarding his medication and testified he was doing so to save up enough pills to commit suicide. ECF 43-5 at 18.[1] On

---

[1] In his response to the summary judgment motion, Hull does not dispute that he was suicidal but argues that he was hoarding his medication because he thought the dose was too strong and he was experiencing side effects. ECF 58 at 4. His self-assessment of the appropriateness of his past dosages is not relevant to Dr. Eichman's decision to discontinue the medication going forward.

3

August 21, 2019, Dr. Eichman discontinued all of Hull's psychotropic medications as a result of his behavior. ECF 43-2 at 2; ECF 43-4 at 117.

Between August 28, 2019, and September 25, 2019, Counselor Boren met with Hull approximately every week for mental health counseling. ECF 43-3 at 2; ECF 43-4 at 50-114, 119. Hull repeatedly denied any mental health needs or concerns, but continued to express frustration about his medication being discontinued. *Id.* Counselor Boren found Hull to be uncooperative during many of these meetings. *Id.*

On October 1, 2019, Dr. Eichman saw Hull for a medication management appointment. ECF 43-2 at 2; ECF 43-4 at 47-49. Hull expressed that he needed to be prescribed Effexor again. *Id.* Dr. Eichman advised Hull that if he worked well with his counselor, another antidepressant may be considered in the future, but not Effexor. *Id.*

On October 2, 2019, Counselor Boren met with Hull. ECF 43-3 at 2; ECF 43-4 at 25-46. Hull was upset that Dr. Eichman would not prescribe him medication and demanded that this change. ECF 43-3 at 2; ECF 43-4 at 37. He stated he was done with mental health, as it did nothing to help him. *Id.* Hull repeatedly spoke over Counselor Boren and would not listen to what she had to say. *Id.* Counselor Boren attempted to meet with Hull again on October 9 and October 10, but Hull was not cooperative. ECF 43-3 at 3; ECF 43-4 at 1-24. Hull was eventually transferred to New Castle Correctional Facility, where he was not prescribed any mental health medication. ECF 43-5 at 10. Because neither party disputes these facts, the court accepts them as undisputed.

4

**II.     ANALYSIS**

a. *Dr. Eichman*

Hull is proceeding against Dr. Eichman "for discontinuing his medication for the period of August 21, 2019, through October 10, 2019, in violation of the Eighth Amendment[.]" ECF 18 at 6. Dr. Eichman attests that she "discontinued Mr. Hull's psychotropic medications based on [her] professional medical opinion that the discontinuation of Mr. Hull's medication was appropriate based on his hoarding of medication in his cell[,]" as "[h]oarding medications presents serious concerns for suicide attempts, trafficking with other inmates, and misuse of medication." ECF 43-2 at 2. Thus, in her professional judgment the risks of hoarding outweighed any benefit Hull might receive from the medication.

In his response, Hull argues that Dr. Eichman acted inappropriately by abruptly discontinuing his medication, as prevailing medical standards indicate she should have either slowly tapered off his medication or provided him with crushed pills to prevent hoarding. Hull argues that studies show a physician should slowly taper a patient off psychotropic medications because abruptly stopping the medication can cause unwanted side effects. But Hull provides no evidence by which a reasonable jury could conclude it was "plainly inappropriate" for Dr. Eichman to discontinue his psychotropic medications after he was found to be hoarding pills. *See Hayes*, 546 F.3d at 524. Nor does Hull point to evidence that Dr. Eichman was aware of any side effects he might have been experiencing after his medication was discontinued in the time period at issue in this lawsuit.

5

Moreover, it is undisputed Dr. Eichman told Hull she would consider prescribing him new psychotropic medications if he worked well with his counselor, but Hull refused to cooperate with his counselor and stated he was done with mental health. Hull cannot manufacture an Eighth Amendment violation by refusing to cooperate with his mental health treatment. *See Rodriguez v. Briley*, 403 F.3d 952, 953 (7th Cir. 2005) (an inmate cannot "be permitted to engineer an Eighth Amendment violation"). Accordingly, based on the evidence in the record, no reasonable jury could conclude Dr. Eichman violated Hull's Eighth Amendment rights by discontinuing his psychotropic medications for the period of August 21, 2019, through October 10, 2019. Summary judgment is warranted in favor of Dr. Eichman.

    b. *Counselor Boren*

Hull is proceeding against Counselor Boren "for providing constitutionally inadequate medical care between September 18, 2019, and October 10, 2019[.]" ECF 18 at 6. Counselor Boren argues summary judgment is warranted in her favor because she provided appropriate mental health treatment at all times and did not make the decision to discontinue Hull's medication. Here, the undisputed evidence shows Counselor Boren met regularly with Hull and attempted to provide him mental health treatment, but Hull was often noncompliant and ultimately rejected the treatment. Hull provides no evidence the mental health treatment provided by Counselor Boren was constitutionally inadequate. In Hull's response, he does not specifically address Counselor Boren and argues only that both defendants were deliberately indifferent for discontinuing his medication. ECF 55, 58. But Counselor Boren attests she did not make

6

the decision or have the authority to make the decision to discontinue Hull's medication, and Hull provides no evidence disputing that attestation. ECF 43-3 at 3. Thus, there is no evidence by which a reasonable jury could conclude Counselor Boren provided Hull with constitutionally inadequate medical care between September 18, 2019, and October 20, 2019. Summary judgment is warranted in favor of Counselor Boren.

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motion (ECF 42); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Tyrone Hull.

SO ORDERED on August 8, 2022

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge